IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRAIL TORRENCE, | ) |
| Petitioner, | ) Civil Action No. 1:23-cv-7 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| J. HUTCHINSON, | ) |
| Respondent. | ) |

### MEMORANDUM

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 1) filed by Tyrail Torrence ("Petitioner") under 28 U.S.C. § 2241 in which he challenges how the Federal Bureau of Prisons ("BOP") is carrying out his sentence. For the reasons set forth below, the Court will dismiss the Petition because it is moot.

**I.    Relevant Background**

In December 2022, Petitioner submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. (ECF 1.) That court transferred the case to this Court because at the time Petitioner was in the custody of the BOP at FCI McKean, which is within the territorial boundaries of the Western District of Pennsylvania. (ECF 3.)

The Petition claims the BOP did not properly provide Petitioner with First Step Act ("FSA") Earned Time Credits. Petitioner specifically alleges that he is eligible and should receive 350 days of FSA time credits. As relief, Petitioner seeks an order from the Court directing the BOP

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 10, 11.)

to award him the application of the FSA time credit he seeks because that will allow him to be placed in pre-release custody or immediate release to a halfway house.

On May 12, 2023, Respondent filed a Notice of Suggestion of Mootness (ECF 14) in lieu of an Answer. Respondent explains that the BOP recently credited Petitioner under the FSA with 365 days of credit toward his early transfer to his supervised release term. The Court ordered Petitioner to file a response to Respondent's Notice by May 19, 2023. Petitioner did not file a response, request an extension to do so or otherwise communicate with the Court. In fact, the envelope containing the Court's response order was returned because Petitioner is no longer housed at FCI McKean. Petitioner has not updated his address of record. However, the BOP's inmate locator, which is available online and of which this Court may take judicial notice, shows that Petitioner presently resides at a halfway house in Philadelphia, Pennsylvania.

**II.     Discussion**

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to

be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). That is the case here. The BOP recently recalculated Petitioner's sentence under the FSA and it released Petitioner to a halfway house. There is thus no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

### III.   Conclusion

Based on all of the foregoing, the Court will dismiss the Petition because it is moot.[2]

An appropriate Order follows.

Dated:  May 26, 2023                              /s/ Patricia L. Dodge
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge

---

[2] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court therefore makes no certificate of appealability determination in this case.